# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| RONNIE LEE FAGAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT ATTORNEY FOR ) <br> LAWRENCE COUNTY, ALABAMA, ) <br> et al., ) <br> ) <br> Defendants. ) | Case No.: 5:18-cv-00516-KOB-SGC |

## MEMORANDUM OPINION

The magistrate judge filed a report on February 4, 2019, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 11). The magistrate judge advised the plaintiff of his right to file specific written objections within fourteen (14) days. (*Id.* at 12-13). On February 15, 2019, the plaintiff filed a motion for an extension of time to file objections. (Doc. 12).

On February 22, 2019, the plaintiff filed a "Motion to Stay Proceedings Pending Disposition of *In re Ronnie Lee Fagan*, U.S. Supreme Court (2018)." (Doc. 13). Within the latter motion, the plaintiff set forth his objections to the magistrate judge's report and recommendation, purported to amend his complaint to include a "Fair Trial/*Perez* Doctrine claim," and attempted to reserve the right to

file additional objections to the report and recommendation once the Supreme Court resolves his pending petition. (*Id.* at 2-6).

The plaintiff's motion for an extension of time to file objections (Doc. 12) is due to be **DENIED** as **MOOT** because the objections are set out in his subsequently-filed motion to stay (Doc. 13). For the reasons that follow, the plaintiff's objections are **OVERRULED**, the amendment to his complaint is due to be **DISMISSED** for failure to state a claim upon which relief can be granted, and his motion to stay the proceedings (Doc. 13 ) is due to be **DENIED**.

The plaintiff argues the Supreme Court and Eleventh Circuit cases supporting the recommended dismissal of his claims pertain to defendants who were found guilty after a fair trial and that this court cannot rule on his claims in this action until the Supreme Court makes a determination regarding the fairness of his first trial pursuant to a petition for a writ of mandamus pending before it. (Doc. 13 at 3, 8-46) (citing *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52 (2009); *Cunningham v. District Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1266 (11th Cir. 2010)).

In that petition, the plaintiff argues the trial court deprived him of counsel and an opportunity to object to the discharge of an allegedly hung jury during his first trial for rape in 1981. (*Id.* at 3, 5-6) (citing *United States v. Perez*, 22 U.S. 579, 580 (1824) (holding a trial court must use "the greatest caution" when

exercising its "sound discretion" to declare a mistrial based on jury's inability to agree on verdict)).¹ Therefore, according to the plaintiff, double jeopardy barred the second 1981 trial resulting in the rape conviction for which he now is incarcerated. (*Id.*).

The plaintiff currently is in state custody pursuant to a lawful rape conviction and does not deny he has never filed a Rule 32 petition to gain access to evidence for post-conviction DNA testing. Thus, the magistrate judge correctly determined the plaintiff cannot rely on *Brady v. Maryland*, 373 U.S. 83 (1963), or procedural or substantive due process to obtain such access. (Doc. 11 at 5-8). The magistrate judge also correctly determined the plaintiff cannot challenge the validity of his conviction in a § 1983 action. (*Id.* at 11).²

---

¹ The court notes that the plaintiff takes issue with the magistrate judge's finding that a comparison of DNA found at the scene of the crime with DNA obtained from the plaintiff implicated the plaintiff in the rape on the ground DNA testing was not an accepted or admissible forensic identification technique in the State of Alabama at the time of the plaintiff's trial. (Doc. 13 at 2-3). In his complaint, the plaintiff stated the prosecution's forensic expert testified analysis of seminal stains on the victim's clothing revealed the presence of H antigen and allowed him to conclusively identify the plaintiff as the assailant because the plaintiff secreted H antigen. (Doc. 1 at 17-18). Accordingly, to be more precise, the complaint infers a comparison of antigens found in the seminal stains with antigens found in biological specimens obtained from the plaintiff implicated the plaintiff in the rape. Regardless, the finding at issue was not dispositive of the magistrate judge's recommendation, and the magistrate judge's reference to DNA does not affect the court's decision.

² The plaintiff believes the United States Supreme Court will grant his petition for a writ of mandamus, overturn his rape conviction on double jeopardy grounds, and deem the mistrial an acquittal. However, the plaintiff has not identified any Supreme Court precedent suggesting a constitutional right to access DNA evidence for testing under such circumstances, and it is apparent that any civil rights action based upon such a decision would not accrue until the Supreme Court rendered its decision.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court ADOPTS the magistrate judge's report and ACCEPTS her recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

The court will enter a separate Final Order.

DONE and ORDERED this 22nd day of March, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE